IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ELLISON, | : | |
|       Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 13-3378 |
| | : | |
| C/O MAURICE CRUMP *et al.* | : | |
|       Defendants. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                  FEBRUARY 10, 2014

### I.     INTRODUCTION

This case arises out of alleged events at the George W. Hill Correctional Facility in Thorton, Pennsylvania. Plaintiff Michael Ellison claims that his rights were violated by the Defendant Correctional Officers Maurice Crump and Joseph McCreary. Presently before the Court are two somewhat overlapping motions to dismiss.[1] The only issues left for the Court to resolve are Officer McCreary's request that the Court dismiss Plaintiff's claims against him for failure to state a claim (Doc. No. 9) and Officer Crump's Partial Motion to Dismiss (Doc. No 11) for failure to state a claim.[2]

---

[1] The earlier motion to dismiss (Doc. No. 9) filed on September 8, 2013, requests the Court dismiss all counts against Joseph McCreary for failure to state a claim, requests that service of process be stricken with prejudice with respect to Defendants Maurice Crump and Silver Black, and requests that Plaintiff's punitive damages claims be dismissed. However, on September 5, 2013, the Court issued an order (Doc. No. 10) granting Officer Black's previous motion to dismiss (Doc. No. 6) for failure to serve. Accordingly, Defendants' request with regard to Defendant Black is moot. Additionally, on September 15, 2013, Defendant Officer Crump filed a new Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 11). In Officer Crump's September 15, 2013 motion, he waived service of process; therefore, Officer Crump's request for dismissal based on failure to serve contained in the September 8, 2013 motion to dismiss is now moot.

[2] Notwithstanding notice and sufficient time to do so, Mr. Ellison has not responded to either motion to dismiss.

1

## II.     FACTUAL BACKGROUND

Mr. Ellison was incarcerated at the George W. Hill Correctional Facility when the alleged incidents took place.[3] Specifically, Mr. Ellison alleges that at approximately noon on September 9, 2011, he was taken to administrative segregation because he had refused to be locked into his cell after lunch, as the correctional officers required. A short time after Mr. Ellison was taken to administrative segregation, Officer Crump and Defendants John Doe Correctional Supervisor and John Doe Correctional Officers 1 and 2 returned to Mr. Ellison's cell. Officer Crump "swung his fist at Plaintiff's face and John Doe Correctional Supervisor. . . maced Plaintiff in the face." Compl. ¶16. As a result of being sprayed with mace, Mr. Ellison went down on the ground. While he was on the ground, Officer Crump, John Doe Supervisor, and John Doe Correctional Officers 1 and 2 "began [to] kick Plaintiff about the head and body causing blood to flow from Plaintiff's nose." *Id.* at ¶16.

Because of the foregoing altercation Mr. Ellison's shirt was ripped off his body and as he made his way to the medical department Plaintiff's pants fell off his body. When he was returned to administrative segregation he was only wearing a pair of boxer shorts; and he requested that Officer Crump get him some clothes. After waiting for an hour for the clothes, Mr. Ellison decided to 'pop' the sprinkler head in the cell. Officer McCreary, Officer Black, and John Doe Correctional Officers 3-6 "enter[ed] the cell and assaulted Plaintiff—by punching and kicking him about his face." *Id.* at ¶ 22.

Plaintiff alleges that he did nothing to provoke the beatings, that he posed no safety threat to the officers, and that he did not attempt to assault them. Mr. Ellison contends that as a result of

---

[3] The following summary is based on the allegations in the Complaint, which the Court assumes to be true for purposes of the motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

the assaults he suffered "a severe laceration above his eye, a laceration to his lip and two broken teeth." Mr. Ellison was transported to Riddle Memorial Hospital where doctors administered thirteen sutures to close the laceration above his eye. Additionally, the injuries to his teeth require dental restoration.

In his First Amended Complaint (Doc. No. 8) Plaintiff brings a total of four causes of action, but only two of them are against the movants, Officers Crump and McCreary. Specifically, Mr. Ellison brings a §1983 claim for excessive force in violation of the 8th and 14th Amendments and a state law claim for assault and battery against Officers Crump and McCreary. As stated earlier, in their respective motions, both Officer McCreary and Officer Crump request the Court dismiss Mr. Ellison's claims against them for failure to state a claim. For the reasons that follow, Defendants' motions will be denied.

### III. LEGAL STANDARD AND DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id*. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, the Court notes that Mr. Ellison was a pretrial detainee at the time the alleged assaults occurred, and, accordingly, to the extent his §1983 claim is based upon an alleged violation of the Eighth Amendment, those allegations will be dismissed because the Eighth Amendment does not apply to pretrial detainees.[4] *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005.) However, Plaintiff can claim excessive force in violation of the Fourteenth Amendment. The "pivotal inquiry" in examining a pretrial detainees excessive force claim under § 1983 is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002). The Supreme Court articulated the following factors to guide this inquiry, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

As detailed above, Mr. Ellison alleges that Officer Crump was involved in punching him spraying him with mace, and kicking him when he was already on the ground, claims that Officer Crump disputes.[5] Mr. Ellison states that he did nothing to provoke the assault and that he posed no safety threat to the correctional officers. "Without facts that show a need for force, a

---

[4] Although Mr. Ellison does not explicitly state that he was a pretrial detainee, in his Complaint he explains that he was incarcerated following an arrest and that after the assaults he plead guilty to the charges. Accordingly, it appears inescapable that Mr. Ellison was a pretrial detainee at the time of the alleged assaults.

[5] The Court cautions counsel to refrain from copying and pasting argument from previous briefs filed on behalf of separate defendants in this case; particularly when the facts copied are inapplicable to the actions taken by Officer Crump. The pleadings that prompt this admonition by the Court are Document Numbers 9 and 11 at page 4 in the former and pages 4 and 5 in the latter.

legitimate governmental objective, or a good faith effort to maintain or restore discipline," Mr. Ellison's claim for excessive force against Officer Crump must survive. *Brooks v. Austin*, 720 F. Supp. 2d 715, 720 (E.D. Pa. 2010) (internal quotation marks omitted.)

Additionally, as put forth in greater detail previously, Mr. Ellison alleges that Officer McCreary and other John Doe Correctional Officers assaulted Plaintiff by punching and kicking him in his face, which caused injuries including a laceration requiring sutures and two broken teeth. While Mr. Ellison admitted to "popping" the sprinkler head in the cell because he was refused clothing, Mr. Ellison denies that he assaulted the correctional officers or that he was a safety threat to them. Therefore, because Mr. Ellison alleges serious injuries, and because no factual allegations conclusively establish as a matter of law the justification for "punching and kicking" by Officer McCreary, Mr. Ellison's claim for excessive force must survive at this stage in the litigation. Additionally, Mr. Ellison's claim for assault and battery survives because the Amended Complaint clearly alleges that Officer McCreary punched and kicked Mr. Ellison in the face.[6]

Finally, Officer Crump's and Officer McCreary's argument that Mr. Ellison's punitive damage claim must be dismissed also fails. Both Officer Crump and Officer McCreary have been sued in their individual capacity and an "individual defendant may be held liable in his individual capacity for punitive damages if the actions are motivated by 'evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Mitros v. Cooke*, 170 F. Supp. 2d 504, 508 (E.D. Pa. 2001) (quoting *Smith v. Wade*, 461 U.S. 30,

---

[6] "Under Pennsylvania law, an assault occurs when: (1) one acts with the unprivileged intent to put another in reasonable and immediate apprehension of harmful or offensive conduct; and (2) that act does cause such apprehension. . . . A battery, conversely, is defined as a harmful or offensive contact with the person of another." *Plaza-Bonilla v. Cortazzo*, No. 07-2045, 2009 WL 605909, *9 (E.D. Pa. Mar. 9, 2009) (quoting *Proudfoot v. Williams*, 803 F. Supp. 1048, 1054 (E.D. Pa. 1992) (internal quotation marks and citations omitted.)

56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). At this stage in the pleadings, Mr. Ellison's allegations regarding the assaults he claims to have suffered at the hands of the Defendants support a claim for punitive damages against Officer Crump and Officer McCreary. Accordingly, Officer Crump's and Officer McCreary's motions to dismiss will be denied.

                                                      BY THE COURT:

                                                      S/Gene E.K. Pratter
                                                      GENE E.K. PRATTER
                                                      UNITED STATES DISTRICT JUDGE